IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LASHAUNTE TAYLOR**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **09-280-JPG-CJP** |
| | ) | |
| **UNITED COLLECTION BUREAU, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendant's motion to vacate default entry, and to extend the time to respond to the complaint. **(Doc. 13).** Defendant cites its pro se attempts to settle this matter as cause for the delay in retaining counsel and answering the complaint. Also before the Court is the defendant's motion for leave to file its answer, affirmative defense and counterclaim, as well as documents regarding plaintiff's outstanding debt under seal. **(Doc. 21).** Defendant fears that publication of the aforementioned documents will place it in violation of the privacy provisions of the Illinois Collection Act, 225 ILCS 425/9(a)(17).

In accordance with Federal Rule of Civil Procedure 55(c) the entry of default will be set aside, as defendant has shown good cause for not having timely responded to the complaint. Accordingly plaintiff's motion for default judgment **(Doc. 11)** is rendered moot.

By its very terms, 225 ILCS 425/9(a)(17) excludes sanctions when the disclosure of information relating to indebtedness is regulated by law. The above-captioned action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., invoking the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (***See* Doc. 1).** State-law

1

privileges and protections do not control in federal question cases. *See generally* Fed.R.Evid. 501; *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir. 1995); *U.S. v. Wilson*, 960 F.2d 48, 50 (7th Cir. 1992). Therefore, defendant's reliance on state privacy rules is misplaced.

Plaintiff has placed her debtor status at issue, effectively waiving any blanket claim to privacy regarding her debtor status and certain relevant records. One need only read *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), to appreciate the high value that the federal courts in the Seventh Circuit ascribe to openness. Therefore, defendant's blanket proposal to seal its answer, affirmative defense and counterclaim, as well as documents regarding plaintiff's outstanding debt is not well taken.

With all of that said, the Court is not foreclosing the possibility of a protective order, provided it is sought and warranted in accordance with Federal Rule of Civil Procedure 26(c). The parties are also expected to comply with any and all federal privacy rules, including the E-Government Act of 2002, which is incorporated into the District's Administrative Order #107 (available for review at www.ilsd.uscourts.gov ). Whenever possible, redaction and/or the use of sealed exhibits and attachments is preferred to the complete sealing of a document.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate default entry, and to extend the time to respond to the complaint **(Doc. 13) is GRANTED**. The Clerk of Court shall have the record reflect that the entry of default **(Doc. 10)** is hereby **SET ASIDE**. Consequently, plaintiff's motion for default judgment **(Doc. 11)** is rendered **MOOT**.

**IT IS FURTHER ORDERED** that the defendant's motion for leave to file its answer, affirmative defense and counterclaim, as well as documents regarding plaintiff's outstanding

debt under seal **(Doc. 21)** is **DENIED**. The defendant shall file its response to the complaint on or before **June 30, 2009**.

    **IT IS SO ORDERED.**

    **DATED: June 17, 2009**

<u>**s/ Clifford J. Proud**</u><br>
**CLIFFORD J. PROUD**<br>
**U. S. MAGISTRATE JUDGE**